# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **XAVIER PERKINS,** ) | |
| ) | |
| **Movant/Defendant,** ) | |
| ) | **Case Numbers:** |
| vs. ) | **2:16-cv-8128-CLS** |
| ) | **2:05-cr-0135-CLS-JHE** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

This action is before the court on the motion to vacate, set aside, or correct sentence, filed by Xavier Perkins.[1] This court entered an order on June 29, 2018, appointing the Office of the Federal Public Defender to "review this matter to determine if petitioner qualifies for habeas relief under 28 U.S.C. § 2255 in light of *Johnson v. United States,* 135 S. Ct. 2251 (2015)."[2] The Office of the Federal Public Defender filed a response on July 30, 2018, stating:

> It appears this Court lacks jurisdiction to review Mr. Perkins['s] motion because he has previously filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and a review of court records indicates that he has not obtained authorization from the Eleventh Circuit to file a second motion pursuant to 28 U.S.C. § 2255.

---

[1] *See* doc. no. 1, in case no. 2:16-cv-8128-CLS.
[2] Doc. no. 4 (Order), in case no. 2:16-cv-8128-CLS.

Doc. no. 8 (Response to the Court's Order Appointing the Office of the Federal Public Defender) in case no. 2:16-cv-8128-CLS, at 1 (alteration supplied, citations omitted).

Indeed, Perkins previously filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on April 11, 2007, and that motion was denied on February 23, 2009.[3] Perkins did not identify that previous motion in his present petition, despite being asked to do so.[4] There also is no indication that he received permission from the Eleventh Circuit Court of Appeals to file a second or successive petition, as required by 28 U.S.C. § 2255(h). *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244. That requirement is jurisdictional in nature. *See, e.g., Burton v. Stewart,* 549 U.S. 147, 153 (2007). Because Perkins did not seek prior authorization from the Eleventh Circuit to file this second § 2255 motion, this court lacks jurisdiction to consider the motion.

An appropriate Judgment will be entered contemporaneously herewith.

---

[3] *See* doc. no. 1 (Motion to Vacate, Correct, or Set Aside the Petitioner's Sentence Pursuant to 28 U.S.C. § 2255), doc. no. 11 (Memorandum Opinion), and doc. no. 12 (Order of Dismissal) in case no. 2:07-cv-8014-CLS-RRA.

[4] *See* doc. no. 1 (Motion) in 2:16-cv-8128-CLS, at 2, ¶ 10 ("Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?").

DONE and ORDERED this 2nd day of August, 2018.

```
                                    _____
                                    United States District Judge
```